### UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **NICHOLA P. FORRESTER,**  )<br>)<br>**Plaintiff,**  )<br>)<br>**v.**  )<br>)<br>**BRIGHAM AND WOMEN'S HOSPITAL,**  )<br>**et al.,**  )<br>)<br>**Defendants.**  )<br>) | **Civil Action No. 20-cv-10160-DJC** |

## ORDER

**CASPER, J.**                                                   **February 9, 2021**

*Pro se* plaintiff Nichola P. Forrester ("Forrester") filed this employment discrimination lawsuit against her former employer Brigham and Women's Hospital ("BWH") and two of its employees.  D. 1.  In an order dated September 3, 2020, D. 4, the Court found that Forrester's complaint failed to state a claim upon which relief could be granted because it did not contain any factual allegations concerning the defendants.  The Court directed Forrester to file an amended complaint.

Forrester has filed an amended complaint.  D. 7.  It does not, however, fully cure the pleading deficiencies the Court identified in its previous order.  Forrester's only allegation mentioning BWH is the following:

> I was removed from my role at [Massachusetts General Hospital] in the Orthopedics department.  I applied for jobs with the institution and I was offered a position but someone or my manager block [sic] me from getting the position.  I had 3 interviews schedule [sic] in an hour before the interview it was cancelled.  I believe a third party from outside the institution is creating this and conduct and third party involves Brigham and Women's Hospital the defendant is involved in this ongoing harassment and targeting me.  These are people coming and tailored from outside of my employer.

1

D. 7 at 1-2.  There are no allegations of misconduct by the other two defendants.

This single allegation identifies Forrester's theory of BWH's alleged liability:  that it interfered with Forrester's ability to obtain employment.  This claim, however, does not meet the requirement that a pleading "must 'at least set forth minimal facts as to who did what to whom, when, where, and why,'" Calvi v. Knox Cty., 470 F.3d 422, 430 (1st Cir. 2006) (quoting Educadores Puertorriqueños en Acción v. Hernandez, 367 F.3d 61, 68 (1st Cir.  2004)), and "contain sufficient factual matter, accepted as true" to state a plausible claim for relief, Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

For the foregoing reasons, the Court orders that this action be DISMISSED for failure to state a claim upon which relief may be granted.

**So Ordered.**

 /s/ Denise J. Casper
United States District Judge